GARRET CAVODE and NATHAN WILLIAMS *v.*
WILLIAM M'KELVEY.

THIS was an action of *indebitatus assumsit*, for money had and received.

One *Sterret* purchased, for 29*s.* 6*d.* at commissioners' sale, the claim of one *George Knox* to a tract of land in *Westmoreland* county, and sold it, for 50*l.* to *M·Kelvey*; who sold it to *Cavode* and *Williams*, for 120*l.* of which 50*l.* was paid to *Sterret*, and 70*l.* to *M'Kelvey*; and they bound themselves to warrant and defend, according to the sums respectively received.

1793.

*Knox's* claim was on a location of 25th *July*, 1769, on which no survey had been made, till after *Cavode* and *Williams* had purchased from *Sterret* and *M'Kelvey*. Before that time, the land, for which *Knox* had applied, (except 129 acres worth 5s. per acre, which, after their purchase, *Cavode* and *Williams* surveyed on *Knox's* location) had been all surveyed on two warrants to one *Fechter*, and one *Hammel*, from whom *Cavode* and *Williams* purchased. *Sterret*, after his purchase from the commissioners, having entered a caveat against the surveys of *Fechter* and *Hammel*, on the ground, that *Knox's* location was an elder title, *Cavode* and *Williams*, alarmed at this, to secure themselves, purchased *Knox's* claim from *Sterret* and *M'Kelvey*. But afterwards, conceiving *Knox's* claim bad, as against *Fechter's* and *Hammel's*, they brought this action to recover back all the money paid to *M'Kelvey* (the remaining 129 acres, at 5s. per acre, amounting only to 32l. 5s. and so not to 50l. paid to *Sterret*).

*Woods*, for the defendant. Compromise of a doubtful title is a good consideration. Money paid voluntarily, if it may be retained with a good conscience, shall not be recoverd back, although the payment of it could not have been compelled by law.

*Cann v. Cann cited 1 Atk.10. 2 Burr. 1012. Dall. 148.*

*Brackenridge*, for the plaintiff. The small sum of 29s. and 6d. paid for *Knox's* claim, at commissioners sale, is so disproportionate to 120l. paid by *Cavode* and *Williams*, that there is intrinsic inconscionableness in the bargain, sufficient to raise a presumption of fraud. The plaintiffs must have been over-reached by the address of *Sterret* and *M'Kelvey*. The land sold by *Sterret* and *M'Kelvey* to the plaintiffs was, before that sale, the property of the plaintiffs. *Knox's* title was void. And *Cavode* and *Williams* got nothing for the money they paid to *Sterret* and *M'Kelvey*. It was paid without consideration, and must be recovered back.

PRESIDENT. In *assumsit* on a wager, "whether a decree in the court of Chancery would be reversed, on appeal to the house of Lords," it was contended, that the event was not contingent, but certain ; for the law is clear, evident, and certain. But it was held, that the consideration was good, and the action lay. Settlement of a dispute is part of the consideration in this case, and

*Cowp. 37. Lofft. 383. 1 T. Rep. 60.*

feems to be the principal confideration in the view of the parties : that has not failed.    There appears no fraud, nor concealment of circumftances, not equally in the knowledge of both parties.

There was a verdict for the defendant.